**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERCER GLOBAL ADVISORS, INC., | No. 25-995 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-03659-GW-JPR |
| v. | MEMORANDUM* |
| ASHLEE CHU HEWITT; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted July 9, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER,** District Judge.

Plaintiff-Appellant Mercer Global Advisors, Inc. ("Mercer") appeals the district court's grant of summary judgment in favor of Defendants-Appellees Ashlee Chu Hewitt ("Ashlee"), Alan Charles Hewitt ("Charles"), and Hewitt Advisors, Inc. ("Hewitt Advisors"), as well as the grant of defendants' motion to exclude the report

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

and testimony of Hewitt Advisors' expert. We have jurisdiction under 28 U.S.C. § 1291.[1] We affirm in part and reverse and remand in part.

1. We review the district court's grant of summary judgment *de novo*. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (quotation marks omitted). The district court's exclusion of expert evidence is reviewed for abuse of discretion. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022).

2. The district court erred in dismissing Mercer's trade secrets misappropriation claim under the California Uniform Trade Secrets Act ("CUTSA"). Although the court correctly held that a reasonable juror could find that Ashlee and Charles misappropriated Mercer's client contact information, it incorrectly dismissed the CUTSA claim based on a supposed absence of evidence on causation. "Where there is no decision by the California Supreme Court, we are generally 'bound by . . . the

---

[1] The initial untimely notice of appeal did not deprive the district court of jurisdiction to extend Mercer's time to file a notice of appeal. *See Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Nor did the district court abuse its discretion in extending Mercer's time to file a notice of appeal. *See Pincay v. Andrews*, 389 F.3d 853, 854 n.1 (9th Cir. 2004) (en banc).

ruling of the highest state court issued to date.'" *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (quoting *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017)). A California Court of Appeal recently held that CUTSA "does not require proof of causation or damages." *Applied Med. Distribution Corp. v. Jarrells*, 319 Cal. Rptr. 3d 205, 215 (Ct. App. 2024).[2]

Even if we assume that CUTSA requires proof of causation or damages, the summary judgment record reflects that there is a genuine issue of material fact concerning whether defendants' misappropriation caused Mercer damages. It is undisputed that Ashlee and Charles used Mercer's client contact information to text, call, and email Mercer clients, and that some of Mercer's clients became Hewitt Advisors' clients by responding to Ashlee's and Charles' announcements. Viewing this evidence in the light most favorable to Mercer as the summary judgment nonmovant, and drawing all reasonable inferences in its favor, we hold that a reasonable juror could find that defendants' misappropriation of the client contact

---

[2] Defendants contend that Mercer waived the argument that CUTSA does not require proof of causation or damages because it did not raise this argument before the district court. We disagree. "[I]t is claims that are deemed waived or forfeited, not arguments." *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In any event, "we may exercise discretion to consider a waived issue in certain cases, one such case being when the issue presented is a pure question of law." *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1214 n.11 (9th Cir. 2021) (quoting *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995)).

information caused Mercer damages.  *See Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015).

3.  The district court also erred in dismissing Mercer's breach of contract claim as duplicative of its CUTSA claim.  The breach of contract claim is premised on the restrictive covenant agreements that Ashlee and Charles entered into with Mercer.  California "state courts uphold restrictive contracts to protect trade secrets."  *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1091 n.4 (9th Cir. 2015).  And CUTSA "does not affect [] contractual remedies, whether or not based upon misappropriation of a trade secret."  Cal. Civ. Code § 3426.7(b).  Accordingly, a breach of contract claim to protect trade secrets can be brought alongside a CUTSA claim.  And for the reasons already discussed concerning the CUTSA claim, we hold that there is a genuine issue of material fact concerning whether the breach of the restrictive covenant agreements caused Mercer damages.

4.  The district court did not err in dismissing Mercer's breach of loyalty claim.  CUTSA preempts this claim to the extent it is "based on the same nucleus of facts as the misappropriation of trade secrets claim."  *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 90 Cal. Rptr. 3d 247, 261 (Ct. App. 2009) (quotation marks omitted).  The remaining conduct that Mercer contends supports this claim is, likewise, non-actionable.  Ashlee and Charles did not breach their duty of loyalty by

preparing to compete with Mercer.  *See Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 433 (Ct. App. 2008).

5.  The district court did not abuse its discretion in excluding the expert evidence at issue.  The district court's application of the *Daubert* standard was not illogical, implausible, or without support in inferences that may be drawn from facts in the record.  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017).  The district court identified various methodological issues with the expert's estimation of how many Mercer clients defendants solicited.  It also reasonably determined that—without this estimation—the expert's framework for calculating damages would not be helpful to the jury.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.  **Each party shall bear its own costs on appeal.**